*Gjolaj v. Lynch*

BIA
A095 461 583

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of July, two thousand fifteen.

PRESENT:
        REENA RAGGI,
        DEBRA ANN LIVINGSTON,
        DENNY CHIN,
            *Circuit Judges.*

_____

MARJANA GJOLAJ,
        *Petitioner,*

        v.                                            14-1080
                                                      NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.**

_____

FOR PETITIONER:            Michael P. DiRaimondo (Marialaina L.
                           Masi and Stacy A. Huber, on the

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr.

brief, DiRaimondo & Masi LLP, Melville, New York.

**FOR RESPONDENT:** Joyce R. Branda, Acting Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; Sabatino F. Leo, Trial Attorney, Office of Immigration Litigation, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Marjana Gjolaj, a native and citizen of Albania, seeks review of a March 24, 2014, decision of the BIA denying her motion to reopen. *In re Marjana Gjolaj,* No. A095 461 583 (B.I.A. Mar. 24, 2014). We review the BIA's denial of a motion to reopen for abuse of discretion. *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). We assume the parties' familiarity with the underlying facts and procedural history in this case.

An alien seeking to reopen proceedings may file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Gjolaj's 2014 motion to reopen is untimely because

the BIA issued a final order of removal in 2004. Although the time limitations do not apply if the motion "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding," 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii), we find no error in the BIA's conclusion that Gjolaj failed to establish any material change in conditions.

First, Gjolaj incorrectly argues that the Immigration Judge ("IJ") failed to render an adverse credibility determination. In fact, the IJ explicitly denied Gjolaj's original application on credibility grounds. The BIA may deny reopening where new evidence does not rebut an "adverse credibility finding that provided the basis for the IJ's denial of petitioner's underlying asylum claim." *Kaur*, 413 F.3d at 234. Here, the alleged change—the rise to power of the Socialist Party—is not material because Gjolaj was found not credible with respect to her political activities. Accordingly, the BIA reasonably denied her motion for failure to submit *material* evidence of changed country conditions. *Id.;* 8 U.S.C. § 1229a(c)(7)(C)(ii).

Second, Gjolaj argues that human trafficking in Albania has worsened such that reopening is appropriate to allow her to apply for asylum on that basis. The BIA's conclusion that the evidence shows a continuation of prior conditions is supported by substantial evidence. *Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir. 2008). The BIA, comparing "evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing," *In re S-Y-G*, 24 I. & N. Dec. 247, 253 (BIA 2007), reasonably found that human trafficking has not significantly worsened since Gjolaj's merits hearing. The 2001 State Department Report, in evidence during Gjolaj's 2004 merits hearing, describes serious problems with human trafficking similar to those contained in the 2013 State Department Report. The 2001 Report states that Albania had recently passed its first laws aimed at trafficking. In 2010, however, "[t]he government continued to improve its capacity to identify, protect, and reintegrate trafficking victims." U.S. Dep't of State, Trafficking in Persons Report 2010 -- Albania, 14 June 2010, available at http://www.unhcr.org/refworld/decid/4c18840f20.html (last visited Apr. 13, 2015). In sum, the evidence shows, at most, a continuation of the conditions present at Gjolaj's merits

hearing; therefore, the BIA's finding that human trafficking had not worsened is supported by substantial evidence. *Jian Hui Shao,* 546 F.3d at 169.

Finally, contrary to Gjolaj's argument, the BIA gave reasonable consideration to the evidence in the record. We "presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006). The agency is not required to "expressly parse or refute on the record each individual argument or piece of evidence offered." *Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006) (internal quotation marks omitted). Here, "the record [does not] compellingly suggest[]" that the BIA ignored Gjolaj's evidence, but instead suggests that the agency gave thorough consideration, explicitly addressing State Department reports and the expert affidavit. *Xiao Ji Chen*, 471 F.3d at 337 n.17.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in

this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk